**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3024
_____

UNITED STATES OF AMERICA

v.

AARON JOSEPH,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1:24-cr-00294-001)
Chief District Judge: Honorable Renée M. Bumb
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 5, 2025

Before: CHAGARES, *Chief Judge*, FREEMAN and BOVE, *Circuit Judges*

(Opinion filed: January 21, 2026)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FREEMAN, *Circuit Judge*.

Aaron Joseph pleaded guilty to one charge of conspiracy to distribute methamphetamine and was sentenced to a 114-month term of imprisonment. He now appeals that judgment. Because there is no non-frivolous basis for challenging his guilty plea or sentence, we will grant his counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and affirm the judgment.

**I**

Between October 2020 and July 2022, Joseph conspired with others to distribute methamphetamine in New Jersey. In furtherance of that conspiracy, he knowingly shipped a package containing 5,100 methamphetamine pills from California to New Jersey on February 14, 2022. A co-conspirator in New Jersey paid him for those drugs, which Joseph knew the co-conspirator would distribute.

During the investigation into the conspiracy, the government identified 20 additional packages shipped from California to New Jersey with characteristics similar to the package Joseph shipped on February 14, 2022. The similar characteristics included shared points of origin and destination and common or overlapping sender and addressee information.

In 2023, Joseph was arrested and charged in a one-count Information with conspiracy to distribute and possess with intent to distribute methamphetamine contrary to 21 U.S.C. § 841(a)(1), (b)(1)(C), in violation of 21 U.S.C. § 846. He later entered a written plea agreement with the government. He agreed to plead guilty to the Information, and, in exchange, the government agreed not to bring any additional charges

2

against him for his involvement in the conspiracy. He also stipulated that he knowingly shipped the package containing 5,100 methamphetamine pills (weighing approximately 1,889 grams and containing approximately 33 grams of methamphetamine), and he waived his right to appeal or otherwise challenge those stipulated facts. In all other respects relevant here, he reserved the right to pursue an appeal.[1]

During an April 2024 hearing, the District Court conducted a colloquy regarding Joseph's stated intent to plead guilty. Joseph was sworn and acknowledged that he was not under the influence of any medication or substance, that he understood the nature of the proceeding, and that he had thoroughly discussed the terms of the plea with his attorney. He also acknowledged the charges and potential penalties he could face and the rights he was entitled to. He confirmed that he wished to waive his rights and enter a guilty plea. The Court established the factual basis for the plea and then accepted the guilty plea.

Prior to sentencing, the Probation office prepared a Presentence Investigation Report ("PSR") that calculated an advisory Sentencing Guidelines range of 140 to 175 months' imprisonment. Joseph submitted a sentencing memorandum and a mitigation report. The mitigation report detailed Joseph's childhood, which was wrought with trauma.

---

[1] Joseph also waived the right to challenge his guilty plea or sentence on the basis of the immigration consequences.

At a sentencing hearing, neither party objected to the Sentencing Guidelines calculations or sought a departure. Instead, Joseph sought a downward variance based on the low concentration of methamphetamine in the pills he shipped. The District Court declined to vary downward on that basis, explaining that the pills had harmed society. However, upon considering the 18 U.S.C. § 3553(a) factors, the District Court granted a downward variance to 114 months' imprisonment based on Joseph's tragic childhood. It explained that it could not impose a greater variance because of the severity of the crime and Joseph's criminal history. It also imposed a sentence of six years' supervised release—varying upward from the Guidelines' recommendation of three years, and explaining that it did so to provide Joseph with additional resources and guidance from the Probation Office.

Joseph timely appealed. His counsel then moved to withdraw under *Anders*, and Joseph filed a pro se brief on the merits of his appeal.

## II[2]

In support of her *Anders* motion, Joseph's counsel filed a brief stating that, upon review of the record, this appeal presents no issue of even arguable merit. *See* 3d Cir. L.A.R. 109.2(a). Thus, we must determine "(1) whether counsel adequately fulfilled [our local] rule's requirements" for *Anders* briefs; and "(2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300

---

[2] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

(3d Cir. 2001). An issue is frivolous if it "lacks any basis in law or fact." *McCoy v. Ct. of Appeals of Wis., Dist. 1*, 486 U.S. 429, 438 n.10 (1988).

When we conclude at Step 1 that counsel has satisfied her duties, we may limit our Step 2 review of the record to the issues counsel raised. *United States v. Langley*, 52 F.4th 564, 569 (3d Cir. 2022). At both steps, our review is plenary. *United States v. Brookins*, 132 F.4th 659, 666 (3d Cir. 2025).

## A

Joseph's counsel has satisfied her obligations under *Anders*. Counsel correctly identified the only three possible areas of review: the District Court's jurisdiction, the voluntariness of Joseph's guilty plea, and the legality of his sentence. Counsel recognized that the District Court's jurisdiction was sound. She also detailed how the District Court conducted a comprehensive plea colloquy, established all the requirements for a valid guilty plea, and complied with all mandatory procedures in imposing Joseph's sentence.

Counsel's *Anders* brief does not address the issues Joseph raised in his pro se brief, but that does not render the *Anders* brief inadequate *per se*. *Langley*, 52 F.4th at 573. Indeed, counsel's brief demonstrates that she conducted a conscientious examination of the record in search of appealable issues. *Id.* at 569. She also has explained why any issues are frivolous. Accordingly, we confine our review to the issues counsel identified in her *Anders* brief.

## B

Our independent review of the record confirms counsel's view of this appeal.

5

First, the District Court had jurisdiction under 18 U.S.C. § 3231 because Joseph was charged with a federal criminal offense.

Second, Joseph's guilty plea was valid. The District Court conducted a thorough colloquy to ensure that Joseph was competent, understood the nature of the proceedings and the options available to him, and made a knowing and voluntary waiver of the constitutional rights associated with a trial. The Court reviewed the charges, the potential penalties, and the collateral consequences of the plea. It also established a factual basis for the plea. The colloquy satisfied all the requirements of the Constitution and Federal Rule of Criminal Procedure 11.

Finally, before imposing Joseph's sentence, the District Court followed the mandatory procedure of (1) calculating the appropriate Sentencing Guidelines range; (2) ruling on any departure motions; and (3) exercising discretion by considering the 18 U.S.C. § 3553(a) factors. *See United States v. Flores-Mejia,* 759 F.3d 253, 256 (3d Cir. 2014) (en banc). It did not err in adopting the Guidelines range set forth in the PSR (to which neither party objected). There were no departure motions, so it proceeded to a review of the § 3553(a) factors. It heard and addressed arguments from counsel, heard Joseph's allocution, and clearly explained the reasons for imposing the sentence. There is no non-frivolous basis to challenge the procedural reasonableness of the sentence.

Moreover, Joseph's sentence is below the statutory maximum, and his term of imprisonment is 26 months below the low end of the advisory Guidelines range. In the circumstances of this case, there is no non-frivolous challenge to the substantive reasonableness of the sentence. *See United States v. Tomko*, 562 F.3d 558, 568 (3d Cir.

6

2009) (en banc) (stating that a sentence is substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided").

*　　*　　*

For the reasons set forth above, we will grant counsel's motion to withdraw and affirm the judgment.